## LUMBER COMPANY *v.* BUCHTEL.

1. A. contracted to sell B. a tract of pine land at a stipulated sum, payable in future instalments, a conveyance to be made only upon payment of the several sums as they became due, the cutting or removal of the timber being in the mean time prohibited without the written permission of A. Two days afterwards B. assigned the contract to C. A. assented to the assignment, and gave C. permission to enter the lands and cut and remove the timber, in consideration whereof the latter guaranteed the payments stipulated in the contract. The first instalment due not having been paid, A. brought suit against C. upon the guaranty. The latter set up the defence that he was induced to enter into the undertaking by the false and fraudulent representation of A. as to the quantity of good merchantable timber contained in the tract. The case was, by stipulation of the parties, tried before a referee, who reported that the representations were made by an agent of B., and that he did "not find" that A. participated therein. *Held,* 1. That A.'s grant of permission to C. to cut and remove the timber was the release of an important security to him against possible loss if payment were not made on the contract, and that the guaranty was a reasonable exaction from C. therefor. 2. That said representations not coming from A., nor relating to the permission to cut and remove the timber, did not release C. from liability on the guaranty.

2. The objection cannot be made for the first time in this court, that the report of the referee finds certain facts inferentially and not directly.

3. *Semble,* that the finding of a referee should have the precision of a special verdict, specifying with distinctness the facts, and not leaving them to be inferred.

ERROR to the Circuit Court of the United States for the Western District of Michigan.

The facts are stated in the opinion of the court.

*Mr. Emery A. Storrs* for the plaintiff in error.

*Mr. Mitchell J. Smiley, Mr. O. H. Simonds,* and *Mr. N. A. Fletcher, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

On the 23d of September, 1874, William Buchtel, the plaintiff in the court below, the defendant in error here, contracted to sell to the Big Rapids Improvement and Manufacturing Company, a corporation created under the laws of Michigan, several hundred acres of pine land in that State for the sum of $12,273.84, payable as follows: $3,068.46 on the first of the following January, and the balance in three equal annual instalments, with interest. Nothing was paid by the company at the time, and the contract provided for the execution of a conveyance to it only upon the payment of the sums stipulated as they became due, and it prohibited in the mean time the cutting or removal of the timber without the written permission of the vendor.

Two days after its execution, the contract was assigned in writing by the Improvement and Manufacturing Company to the defendant, the Mason Lumber Company, also a corporation of Michigan. To this assignment the vendor assented, and gave permission to the Lumber Company to enter upon the lands and cut and remove the timber; and in consideration of this permission, that company guaranteed the payments stipulated in the contract. In the negotiation which resulted in the execution of the guaranty, the Improvement and Manufacturing Company was represented by its vice-president, Mr. Bronson; and the Lumber Company by its president, Mr. Mason.

The payment due on the first of January, 1875, not having been made, the present action was brought by the vendor, Buchtel, upon the guaranty, against the Lumber Company. The company pleaded the general issue, and gave notice that it would give in evidence, and insist as a defence to the action, that it was induced to enter into the undertaking by the false and fraudulent representation of the plaintiff that the lands

contained 5,700,000 feet of good merchantable pine timber; whereas, in fact, there were only 1,500,000 feet of such timber on the land, and that thereby it had sustained damages to the amount of $20,000, which it would recoup against the claim of the plaintiff and ask to have the balance certified in its favor.

By the law of Michigan, damages, whether liquidated or not, claimed by a defendant as arising out of the contract or transaction upon which an action is brought, may be set up by way of recoupment against the demand of the plaintiff; and, if found to exceed such demand, the defendant can have judgment for the balance. The case was, by stipulation of parties, tried before a referee, who reported in favor of the plaintiff for the amount claimed, with interest. He also found, as a matter of fact, that Bronson, who acted for the Improvement and Manufacturing Company in the transaction in which the assignment and guaranty were made, exhibited at the time to Mason, who acted for the Lumber Company, a plat of the lands in the presence of the plaintiff, and represented that they contained 5,000,000 feet of good merchantable pine timber; whereas, as a matter of fact, they contained only 1,237,197 feet of such timber; but that there was a large quantity of additional timber which was poor, the defects of which could not be discovered until after it was cut. He further found that the plaintiff had never seen the lands, and that the Lumber Company was aware of the fact; and that all the knowledge he had of the quantity of the timber was derived from an estimate furnished to him by his grantor. The referee also states in his report that " he does not find " that the plaintiff's attention was called to the plat exhibited, or that he made any representations in relation to the quantity of timber on the land, or that he had any knowledge of the quantity at the time, or that the estimate furnished to him by his grantor was before him, or that he alluded to it, or that the representations of Bronson to Mason as to the quantity of the timber were made in his hearing. Exceptions were taken to the report, and overruled by the court below.

The only questions presented by the record which merit consideration are, —

1st, Whether the false and fraudulent representations —

assuming that they were fraudulent as well as false — of the agent of the Improvement and Manufacturing Company to the agent of the Lumber Company, as to the quantity of timber on the lands purchased, in which representations the plaintiff did not participate, released. the defendant from liability on its guaranty; and,

2d, Whether the report of the referee is fatally defective because it finds certain facts inferentially and not directly.

Neither of the questions thus raised is at all difficult of solution. The contract of guaranty of the Lumber Company was executed .to the plaintiff as a consideration for his permission to enter upon the land and cut and remove the timber in advance of the stipulated payments. The provision against the cutting or removal of the timber, without such consent, was a most important one to him. It secured him against a possible loss if the payments were not made. The granting of permission to the Lumber Company was releasing that security, and giving to the company the principal value of the property in advance of payment. The guaranty was a reasonable exaction for it. The representations of the Improvement Company, through its officers, to the officers of the Lumber Company, as to the supposed amount of timber on the land, to induce the latter to execute the guaranty and thus obtain the permission of the plaintiff, cannot be allowed to mar or defeat the contract with him, as he knew nothing of their being made, and was ignorant of the subject to which they related. It was the same thing to him whether insufficient or adequate consideration passed between the two companies. He gave to the Lumber Company a valuable consideration for the guaranty, and has, therefore, a. right to hold that company to the liabilities it assumed.

The cases cited by counsel to show that a misrepresentation of material facts inducing a contract, though made in ignorance, may, in many cases, be the foundation of a suit for its cancellation or modification, have no bearing on the questions here presented. They apply only where the contract, of which a rescission or modification is sought, was obtained by the party claiming its benefit, and the misrepresentations related to the consideration given for it.

Thus, in the first case cited, that of *Smith* v. *Richards,* reported in the 13th Peters, the misrepresentation related to land containing a gold-mine, and was made by the owner to the vendee to induce its purchase by him. And so it will be found in all the other cases cited, that the misrepresentations came from the party holding the contract complained of, and related to the consideration upon which it was executed.

In the case before us neither of these particulars exists. The misrepresentations alleged did not come from the plaintiff, the holder of the contract, nor relate to the permission given to cut and remove the timber. Neither as to the nature or value of his reserved right to withhold such permission were any representations made by him, nor could there have been any misapprehension of the nature and extent of the guaranty assumed. Whatever related to other matters which took place between the two companies was unknown to him and in no way concerned him.

The report of the referee is undoubtedly defective in the form in which the statement is made of the plaintiff's want of knowledge as to the misrepresentations of the officers of the Improvement Company. The findings should have the precision of a special verdict, and specify with distinctness the facts found, and not leave them to be inferred. "I do not find" that the plaintiff knew certain facts, is a defective statement, and ought not to be received as equivalent to a direct finding that the plaintiff did not know the facts mentioned; although it is probable that the referee intended it to have that meaning. But defects of this character in the finding should have been called to the attention of the court below, and a more definite finding required of the referee. They cannot be considered here for the first time. It was for the defendant to see that findings were had on all matters material to its defence, as it was for the plaintiff to see that findings were sufficient to support the judgment in his favor.

*Judgment affirmed.*