THE KANSAS TOWN COMPANY v. THE CITY OF AR-
GENTINE et al.

No. 366.

1. STREET-IMPROVEMENT ASSESSMENT, CITY OF SECOND CLASS — *valid, though ordinance passed, but not published, prematurely, where no objection till work done.* An assessment levied upon certain lots in a city of the second class to pay the cost of improvements made on a street upon which such lots abut, is not invalid merely because the ordinance authorizing such improvement was passed before the expiration of twenty days after the last publication of the resolution declaring the necessity for the same, when the ordinance was not published and no other steps were taken towards the doing of the work until after said twenty days, and when no objection was made by property owners until after the work had been completed.

2. —————— *not enjoined because ordinance embraced portions of street not in resolution, where excess insignificant and easily separated.* The levying of an assessment on abutting property for street improvements duly authorized by resolution, will not be enjoined merely because the ordinance providing for the same embraces certain portions of the street in excess of the limit fixed by the precedent resolution, when the excess is comparatively insig-

nificant and can be easily and definitely separated from the legally authorized work, both as to quantity and cost.

3. ———— *not void because estimate based on bonds at discount where contract less than cash basis easily ascertainable.* The preliminary estimate, made by the city engineer for the cost of a proposed street improvement, should be based upon the cost thereof for cash; but the subsequent proceedings will not be held void from the mere fact that such estimate was based upon payment in city bonds at ninety cents on the dollar, when the cost for cash can be ascertained readily and certainly from the estimate made, and when the contract price for the work is less than such ascertainable cash estimate.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed December 29, 1896. *Affirmed.*

*Thomas J. White*, for plaintiff in error.

*H. A. Bailey*, for defendants in error.

GARVER, J. The validity of the special taxes or assessments in question is attacked on three grounds : *First*, that the ordinance providing for the making of the improvements was unauthorized and void because enacted before the expiration of twenty days from the last publication of the resolution declaring that the improvements were necessary ; *second*, that the ordinance was unauthorized and void because it included certain portions of Strong Avenue which were not embraced in the previous resolution; and, *third*, because the contract for the work was let without there being first made by the city engineer an estimate of the cost thereof as required by law.

It is conceded that the city council, by resolution duly passed, declared that it was necessary to macadamize Strong Avenue from Fourth to Eleventh Street, as was thereafter done. This resolution was last published August 30, 1894. An ordinance was

52    KANSAS TOWN CO. v. CITY OF ARGENTINE.

N. Dept.            Opinion.   Garver, J.        5 Kan. App.

enacted September 19, 1894, and published in the official paper September 20, 1894, providing for the macadamizing of Strong Avenue from the east side of Fourth Street to the west side of Eleventh Street; said ordinance purporting to be enacted pursuant to the previous resolution.   It is contended by the plaintiff in error that all proceedings had under this ordinance were invalid and void, for the reason that it was enacted by the city council on the twentieth day after the last publication of the resolution, when the statute expressly provides that the resident owners of property liable for taxation for the proposed improvements, have twenty days from such last publication within which to protest against the proposed improvements; and that the council has no power to take any steps toward the doing of the work until the expiration of such time.   Even conceding that the action of the council was premature in this respect, we do not think it can have the effect claimed for it.   The ordinance had no validity or legal force until after its publication in the official paper; and, as no protests of property owners were presented, it is not unreasonable to say that the work was not authorized to be done by the ordinance until after the time had expired within which protests could be filed.   But if this is not the

1. Premature ordinance.

case, still we think the premature passage of the ordinance would be a mere irregularity in one of the steps required for the doing of the work, which is not a sufficient ground on which to base an objection to an assessment levied after the work has been completed.   This step is not a jurisdictional one, and mere irregularities in the manner in which authorized work is done do not have the effect contended for.

Is the ordinance invalid because it provided for the

macadamizing of the squares at the intersections of Fourth and Eleventh Streets with Strong Avenue? The resolution declares the necessity for the improvement of Strong Avenue from Fourth to Eleventh Street, while the ordinance provides for the improvement of Strong Avenue from the east line of Fourth to the west line of Eleventh Street. The ordinance and contract under which the work was done call for the same character of work along the entire length of Strong Avenue to be improved. The estimate was made and the contract was let at a certain price per square yard. The number of square yards of macadam from Fourth Street to Eleventh Street could be calculated with ease and certainty, and a definite determination made of that part of the work. The excess of the work actually done under the ordinance was, therefore, separable from that declared for by the resolution. The ordinance would have been without objection, and would have fully authorized the work done, had it provided for the macadamizing of Strong Avenue, only from the west line of Fourth Street to the east line of Eleventh Street. The mere insertion of an insignificant, though unauthorized, excess of work should not invalidate the entire

**2. Ordinance exceeding resolution.** ordinance, when its validity is questioned for the first time, after the work has been completed. The excess can, and should, be disregarded, and the assessment sustained for the work done within the limits prescribed by the original resolution. This was the view taken by the learned judge of the trial court. The property of the plaintiff, situated east of Fourth Street, upon which assessments were made for the improvement of the intersection of Fourth Street and Strong Avenue, was relieved from the assessment; and the assessments

54   KANSAS TOWN CO. v. CITY OF ARGENTINE.

N. Dept.          Opinion.   Garver, J.          5 Kan. App.

were sustained only as to such lots as were situated between Fourth and Eleventh Streets. These, it was held, were liable to bear their proportionate share of the cost of macadamizing Strong Avenue between said streets.

The engineer's estimate of the cost of the proposed improvement was $1.03 per square yard for a total of 9,950 square yards, based on bonds of the city at ninety cents on the dollar. This should have been an estimate of the cost for cash, or bonds at par. But the actual cost for cash is readily ascertained from the estimate made; and, as the contract price for the work was less than such estimated cost for cash, we think the erroneous basis used by the engineer is not of sufficient importance to invalidate the subsequent proceedings. It appears, also, when the work had been completed, that the number of square yards of macadam exceeded that stated in the preliminary estimate by 1,571 square yards. It is not necessary that an estimate should have been made of the total amount of the work to be done or of its gross cost; but it is sufficient if it was for the cost per square yard, as was done in this case. *Gilmore v. Norton*, 10 Kan. 491. Such estimate is controlling as to the price at which the improvement may be contracted. The contract that was entered into for the work was at a certain price per square yard. This estimated cost was the essential fact to be ascertained and observed in the making of the improvement. A mere error by the engineer in his original estimate of the number of square yards in the surface to be improved, certainly cannot have the effect to invalidate all subsequent proceedings.

Perceiving no error in the record, the judgment is affirmed.

3. Estimate based on bonds at discount.

No. 367, David J. Adams v. The City of Argentine, and No. 368, Julius King v. The City of Argentine, involving the same questions upon substantially the same facts, were affirmed upon the authority of the above case.