F. W. WEBB et al., Respondents, v. CHARLES T. STROBACH et al., Appellants.

Springfield Court of Appeals, April 4, 1910.

1. MUNICIPAL CORPORATIONS: Street Improvements: Publication of Resolution. Section 5989 of Revised Statutes 1899, which provides that when a city of the fourth class desires to pave its streets, the board of aldermen shall by resolution declare such improvements necessary, and cause such resolution to be published in some newspaper published in the city for two consecutive weeks, does not specifically designate how such publication shall be caused or brought about; and, although not directly passed on, the intimation in the opinion is that a failure to provide for the publication in the resolution itself will not invalidate the resolution.

2. ———: ———: ———: Obscure Publication. It is not necessary to the validity of the publication of a resolution of a board of aldermen for street improvements that it be printed on any particular page of the newspaper, nor that it have any particular caption, and, in the absence of any showing of fraud or collusion between the publisher and the board of aldermen, the mere fact that the resolution was published with a small head in an obscure corner of the newspaper, and under a patent medicine advertisement, will not affect its validity; that being the usual mode of publication of legal advertisements.

3. ———: ———: ———: Compliance With Statute. When a preliminary notice of proceedings to take property for public use is required to be given as a basis of the jurisdiction of the

city or its right to proceed, and such notice is not given as required by statute, or is not given in the manner required, the proceedings are unauthorized and void.

4. ———: ———: ———: Nunc Pro Tunc Amendment of Resolution.   The board of aldermen of a city of the fourth class passed a resolution providing for the pavement of a certain street.   Neither the resolution nor the minutes of the meeting contained any order designating the newspaper in which said resolution was to be published.   At a subsequent meeting of the board, the minutes of the meeting at which the resolution was passed were amended *nunc pro tunc* so as to show that the resolution was ordered published in a certain designated newspaper. *Held*, that the amendment was proper and within the board's authority, and was a sufficient compliance with the statute requiring the board to cause the resolution to be published.

5. ———: Amendment: Correction of Minutes of Council Proceedings.   Whenever the city clerk in charge of the municipal records has, through inadvertence or neglect, recorded proceedings so that they are incomplete, he may amend the record so as to make it speak the truth, or the city council may order the record amended so that it will give a correct recital of the proceedings.

6. ———: Street Improvements: Improvement Ordinance Prematurely Passed.   Section 5989, Revised Statutes 1899, provides that the board of aldermen of a city of the fourth class shall have power to make street improvements in the event that a majority of the resident owners of the property liable to taxation therefor shall not, within ten days from the date of the last insertion of the publication of the resolution providing for said improvement, file with the city clerk their protest against such improvement.   An ordinance ordering such improvement was passed on the tenth and last day in which said protest could have been filed.   *Held*, that had the property-owners filed their protest on the tenth day that the ordinance would have been *ipso facto*, null and void because prematurely passed; but, as no protest was filed within the ten days, the passage of the ordinance on the tenth day, not being prohibited by the statute, was in the nature of an interlocutory order which, though irregular, did not invalidate the proceedings.

7. ———: ———: Protection of Shade Trees: Unreasonable Ordinance.   A paving ordinance will not be enforced to the extent of permitting an arbitrary and unnecessary destruction of shade and ornamental trees belonging to the abutting property-owners along the street, and this under the rule that courts will declare a provision of an ordinance unreasonable and void upon a showing of facts which make it unreasonable.

8. ——————: **Jurisdiction: Collateral Attack.** When an attack upon the proceedings of a municipality is made, and it is thereby sought to declare the proceedings of the board of aldermen entrusted with the welfare of the city null and void, it should appear upon the face of the proceedings of such tribunal that a statutory requirement plainly jurisdictional has not been complied with, and irregularities will not constitute a basis for such collateral attack.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. J. Crites* and *Lorts & Breuer* for appellants.

(1) The resolution as published complied with all the requirements of law. R. S. 1899, sec. 5989; King v. Lamb, 117 Cal. 401, 49 Pac. 561; Paving Co. v. O'Brien, 128 Mo. App. 268; Jones v. Plummer, 118 S. W. 109. (2) The board of aldermen had the right and authority to correct the minutes of April 8, 1909, by entry made June 28, 1909; 21 Am. and Eng. Ency. of L. (2 Ed.), 10; Adams Co. v. Quincy, 130 Ill. 566, 22 N. E. 624; Ryder v. Alton, 175 Ill. 94, 51 N. E. 821; Gilberts v. Rabe, 49 Ill. App. 418; Belmont v. Miller, 52 Ill. App. 617; Logansport v. Crockett, 64 Ind. 319; Everett v. Deal, 148 Ind. 90, 47 N. W. 219; Mann v. Lamars, 109 Ia. 251, 80 N. W. 327; Becker v. Henderson, 100 Ky. 450, 38 S. W. 857; Pineville v. Bruchfield, 42 S. W. (Ky.) 340; 28 Cyc. 346. (3) Oral testimony can be introduced to show what actually transpired at the meeting of the board of aldermen. DeSoto v. Showman, 100 Mo. App. 323.

*C. C. Bland* and *Watson & Holmes* for respondents.

(1) The ordinance for paving the street was prematurely passed. R. S. 1899, secs. 5989, 4160; Bank v. Williams, 46 Mo. 17; Minor v. Tilley, 54 Mo. 627; State ex rel. v. Stricky, 78 Mo. App. 533; Jordan v.

Railroad, 92 Mo. App. 84; 28 Am. and Eng. Ency. of Law, 224.   (2)   The passage of an ordinance for paving a street at the expense of the abutting property-owners is a judicial act.   Sears v. Atlantic City, 72 N. J. L. 435; Davidson v. New Orleans, 96 U. S. 97; Security Trust v. Lexington, 203 U. S. 323; Railroad v. Wright, 207 U. S. 127.   (3)   Failure to provide for or give notice to the party to be taxed for the cost of the improvement, and to afford him an opportunity to be heard (in this case to protest), is fatal.   Barber Asphalt Co. v. Ridge, 169 Mo. 376; Cooley on Taxation, 265; Scott v. Toledo, 1 L. R. A. 688; Ulman v. Baltimore, 11 L. R. A. 224; Norfolk v. Young, 47 L. R. A. 574; Garvin v. Daussman, 5 Am. St. Rep. (Ind.) 637.   (4)   The so-called amendment of the journal of the proceedings of the meeting of the board of aldermen on March 8, 1909, was unauthorized and ineffectual.   2 Abbott on Munic. Corp., 1451; 28 Cyc. 10; Sans v. King, 40 Conn. 298; Railway v. Halschag, 144 Mo. 253; Ross v. Ross, 83 Mo. 100.   (5)   Parol evidence was not admissible for the purpose of showing the action of the board of aldermen.   Stewart v. Clinton, 79 Mo. 603; Thrush v. Cameron, 21 Mo. App. 394; Lebanon L. M. W. Co. v. Lebanon, 163 Mo. 254; Jordan v. School Dist., 38 N. E. 170; Morrison v. Lawrence, 98 Mass. 221.   (6)   To remove the trees, under the circumstances, would be a wanton invasion of private rights which should be enjoined.   Donahoe v. Gas Co., 181 N. Y. 313, 73 N. E. 1108; Brown v. Ashville Co., 138 N. C. 533, 51 S. E. 62; Cartwright v. Telephone Co., 205 Mo. 126; Davis v. Vineland, 23 L. R. A. 685; Phillips v. Cox, 21 Ohio 248; Mayor, etc., v. Wineland, 98 Md. 239, 103 A. S. R. 399; Atlanta v. Halliday, 96 Ga. 546.

NIXON, P. J.—This was an action by the abutting landowners on Pine street in the city of Rolla, Missouri, to restrain by injunction the defendants as mayor and members of the board of aldermen of said city from

paving Pine street with brick. On a trial of the case before the circuit court, a perpetual injunction was issued, and the defendants have appealed. The facts of the case will develop in the opinion.

On the 3d day of May, 1909, the defendant, Charles T. Strobach as mayor, and the other defendants as members of the board of aldermen of the city of Rolla, a city of the fourth class, passed an ordinance known as Ordinance No. 112, providing for the improvement of Pine street in said city, which is as follows:

"Ordinance No. 112. A bill for an ordinance ordering the construction of first-class brick paving on Pine street from the center of Sixth street to the center of Tenth street.

"Be it ordained by the board of aldermen of the city of Rolla, Mo., as follows:

"Section No. 1. That there is hereby ordered constructed first-class brick paving, with Portland cement, grout filler, on Pine street from the center of Sixth street where Sixth street crosses Pine street, and from curb line to curb line on said street as provided by resolution approved April 8, 1909, and published April 15 and 22, 1909.

"The city engineer is hereby directed to make an estimate of the cost of paving said street with first-class brick paving with Portland cement, grout filler, as provided for by said resolution, and the plans and specifications of the city engineer for doing said work, and the city clerk to advertise for bids for the construction of said pavement, and a special taxbill will be levied and special taxbills will be issued against the abutting property in payment of said improvement in proportion to the front foot thereof. And this board of aldermen finds and declares that the majority of the owners of property on said street mentioned to be improved and liable for taxation, who also own a majority of front feet owned by property-owners along such street men-

tioned, have not filed with the city clerk a protest against said improvement.

"Section 2. This ordinance shall be enforced from and after its approval by the mayor.

"This ordinance was passed by the board of aldermen at a meeting held May 3, 1909.

"Approved May 3, 1909.

"CHAS. T. STROBACH, Mayor.

"Attest: W. J. PIERCE, City Clerk. (Seal)"

The respondents, abutting landowners, on the 11th day of May, 1909, filed a petition for an injunction praying that the mayor and board of aldermen of the city of Rolla be enjoined and restrained from letting any contract for the improvement of Pine street or doing any work towards paving said street under the ordinance of May 3, 1909, and that such ordinance be declared null and void. Upon a final hearing of such petition, a permanent injunction was granted by the trial court as prayed in the petition.

The question presented for review in this case is as to whether the board of aldermen had jurisdiction to enforce ordinance No. 112 ordering the construction of brick paving on Pine street in said city of Rolla. The respondents attack the jurisdiction of the board of aldermen to enforce such ordinance on several grounds set out in the petition which will be considered in their order.

I. On the 8th day of April, 1909, the board of aldermen passed a resolution declaring the necessity of improving Pine street which is as follows:

"Resolution No. 5.—Declaring it necessary to improve Pine street from the center of Sixth street to the center of Tenth street by paving the same with first-class brick paving.

"Be it resolved by the board of aldermen of the city of Rolla, Mo., that this board of aldermen deem it necessary to improve Pine street from the center of

Sixth street to the center of Tenth street and from curb line to curb line by paving with first-class brick paving, with Portland cement, grout filler, and concrete base, as specified by ordinance No. 102, approved Feb. 27, 1909.

"This board of aldermen hereby declare said improvement necessary to be made and the same shall be done according to the plans and specifications and estimates of the city engineer, and a special tax will be levied and special taxbills issued for the payment therefor according to the front foot thereof.

"Approved this 8th day of April, 1909.
"CHAS. T. STROBACH, Mayor.
"Attest: W. J. PIERCE, City Clerk."

The respondents charge in their petition that such resolution was not ordered published as required by law and was consequently invalid. The statute, section 5989, Revised Statutes of 1899, declares that when a city of the fourth class desires to pave its streets, ". . . the board of aldermen shall, by resolution, declare such work or improvements necessary to be done, and cause such resolution to be published in some newspaper published in the city, for two consecutive weeks." It is claimed that the proceedings of the board of aldermen were fatally defective because this resolution did not order its publication or designate the paper in which the resolution should be published.

It will be seen from an examination of the language of the statute that it does not require that the board of aldermen should designate the paper, or by ordinance or resolution cause the publication to be made. Its language is, ". . . the board of aldermen shall . . . cause such resolution to be published in some newspaper published in the city, for two consecutive weeks." The word "cause" is a word in common use and is well defined in the dictionaries as meaning

143 App—30

"to effect," "to produce," "to bring about," and the mode in which publication is to be effected, produced or brought about is not specifically designated by the statute.

But we are not required to determine whether the resolution as it originally stood was sufficient to give the city authority to publish the resolution or whether it was indispensably necessary to the validity of the proceedings that the board of aldermen should provide for its publication by ordinance or resolution. On June 28, 1909, the board ordered interlineations in the nature of a *nunc pro tunc* amendment to the resolution which appear in the record as follows:

"It appearing to the board of aldermen that in the minutes of the proceedings of this board, appearing on page 388 of the city minute-book record of the meeting of April 8, 1909, the minutes are incomplete and do not show the exact proceedings of the board. It is therefore ordered that in order that the minutes of the said meeting may show the exact proceedings held at said time, the minutes of said meeting be corrected by the interlining in said record of the said meeting of the seventeenth line of the said page 388, the following:

" 'It is further ordered by the board of aldermen that said resolution No. 4 and 5 be published in the city of Rolla, No. 4 in the Rolla *New Era,* and No. 5 in the Rolla *Herald-Democrat,* and the clerk is ordered to have the same published.

"It is further ordered that the clerk interline this order of correction.

"Upon motion of Alderman Faulkner, seconded by Alderman Rucker, the above correction was ordered. Ayes—Aldermen Crites, Faulkner, Rucker and Stimson. 4 ayes. Nayes—Alderman Heimberger. 1 nay."

The amendment as ordered and made fully meets the objections of the respondents. But the right to make such amendment of the minutes is challenged by the respondents. The authorities show that the right

of amendment by a board of aldermen of its minutes
or by the clerk of a municipal corporation is very
broad. A *nunc pro tunc* amendment may be made on
the minutes at a succeeding meeting. "The city clerk
may amend the minutes in the record of the corporation
made by himself according to his knowledge of the
truth so long as he has custody of them." [28 Cyc.
346.] "Whenever the city clerk in charge of the mu-
nicipal records has through inadvertence or neglect
recorded proceedings so that they are incomplete, he
may amend the record so as to make it speak the truth."
"In the event of the neglect or inadvertence of the clerk
in failing to keep a complete record which has been dis-
covered by the council, the latter may order the record
amended so that it will give a correct recital of the
proceedings." [21 Am. and Eng. Ency. of Law, 10;
Ryder's Estate v. City of Alton (Ill.), 51 N. E. 821.]
Under these authorities, the board of aldermen had the
right to correct the minutes of April 8, 1909, by the
entries made by the clerk on June 28, 1909, and as
amended, they show that the board of aldermen in pub-
lishing the resolution acted in strict compliance with
the statute.

II.   Another objection made by the respondents to
the validity of the ordinance is that B. F. Culbertson
was a member of the board of aldermen and also fore-
man of the Rolla *Herald-Democrat*, the newspaper in
which the resolution was published, and that he fraud-
ulently agreed with the board of aldermen that the pre-
liminary resolution of April 8, 1909, should be pub-
lished in an obscure part of the *Herald-Democrat* so
that respondents as property-owners should have no
notice of the proposed improvement and no opportunity
to file a protest against the same, and that such col-
lusive agreement in fact accomplished the purpose for
which it was intended.

The trial court made the following finding as to the place in which the resolution was published in the Rolla *Herald-Democrat*:

"The resolution, as published, appears at the bottom of the last column on the ——— page of the Rolla *Herald-Democrat* immediately under a medical advertisement which is headed, in large letters, 'Why not try Popham's Asthma Remedy,' and which said medical advertisement is separated from the resolution by a small leadline."

But the court declined to find and made no finding that the evidence showed that there was any fraudulent combination between Culbertson, the foreman of the *Herald-Democrat*, and the members of the board of aldermen, and there was no sufficient evidence to justify any such finding. A fair conclusion from the evidence is that there was no "patent inside" to the paper as alleged by respondents, and the size of the type and the place of publication in the paper was entirely in accord with the usual custom in the publication of legal advertisements. In this connection there was also introduced at the trial a number of property-owners on Pine street as witnesses and also other citizens of the city of Rolla who testified that they did not see the advertisement of the resolution in the Rolla *Herald-Democrat*. It is hardly necessary to say that the law does not require personal notice or that the resolution should be read by any person or number of persons, but only that it should be published. The publication as made was a correct copy of the resolution and was duly authenticated as follows: "Approved this 8th day of April, 1909. Chas. T. Strobach, Mayor. Attest: W. J. Pierce, City Clerk. (Seal)." It had no caption other than that of the original resolution which is as follows: "Resolution No. 5.—Declaring it necessary to improve Pine street from the center of Sixth street to the center of Tenth street by paving the same with first-class brick paving." The publication was in accordance with

the statute. It was not necessary to the validity of
the publication that it should be printed on any par-
ticular page of the newspaper or that it should have
any particular caption. The terms of the statute only
required that the resolution should be published in
some newspaper published in the city of Rolla, for two
consecutive weeks, and, in the absence of any showing
of any fraudulent collusion between the foreman of the
newspaper and the board of aldermen, the publication
as actually made was a substantial compliance with the
statute.

III. It is further contended by respondents that
the board of aldermen had no jurisdiction on the 3d
day of May, 1909, to order the construction of the im-
provement paving Pine street because such order was
made within ten days of the last insertion of the pub-
lication of the resolution.

The statutes of 1899, section 5989, provides:
". . . and if a majority of the resident owners of the
property liable to taxation therefor shall not, within
ten days from the date of the last insertion of said res-
olution, file with the city clerk their protest against
such improvements, then the board of aldermen shall
have power to cause such improvements to be made,
and to contract therefor, and to levy the tax as herein
provided; and the finding of the board that a majority
of such owners have not filed protest shall be conclusive
and final."

The last insertion of the publication of the resolu-
tion in this case was on April 22, 1909, and the 2d day
of May, 1909, which was the tenth day thereafter, was
Sunday. Section 4160, Revised Statutes 1899, pro-
vides: ". . . fourth, the time within which an act
is to be done shall be computed by excluding the first
day and including the last, and if the last day be Sun-
day it shall be excluded." If the computation is made
in this case as required by statute, excluding Sunday,

the ten days within which the protest of the property-owners might have been filed with the city clerk expired on May 3, 1909. The board of aldermen, as has been stated, passed the ordinance for paving Pine street on the 3d day of May, 1909, and consequently on the last day on which the protest could have been filed by the property-owners. Under the statute, the ordinance for such improvement was prematurely passed. [National Bank v. Williams, 46 Mo. 17; Miner v. Tilley, 54 Mo. App. 627; State ex rel. v. Stuckey, 78 Mo. App. 533.] There is no conflict in the authorities that when the preliminary notice of proceedings to take property for public use is required to be given as the basis of the jurisdiction of the city or its right to proceed, if such notice is not given as required by the statute or if not given in the manner required, the proceedings are unauthorized and void. [Dillon on Mun. Corps., sec. 606; 28 Cyc. 980.] But the objection now under consideration is not directed to the length of time or manner of publication of the preliminary resolution declaring the necessity for the improvement. We have already found that such resolution was passed and its publication made in accordance with the directions of the statute.

As to whether the passage of ordinance No. 112 on May 3, 1909, ordering the construction of the improvement within the time allowed by the statute for the abutting property-owners to file their protest, was without jurisdiction and rendered the proceedings null and void, depends upon the proper interpretation of the particular provisions of the statute under which the proceedings were had. This has been made a matter of special enactment by the several State legislatures. In many cases, the right of the city council to pass any ordinance for improvement within the time allowed to file a protest is expressly denied, in which cases it has been held that the failure of consent by the requisite number of abutting property-owners man-

ifested by failure to protest is jurisdictional and in the nature of a condition precedent to the exercise of the power by the city to order the improvement. Under our statute, the right of the taxpayers in this case to protest by filing their protest with the city clerk on or before the 3d day of May, 1909, was clearly guaranteed to them. But the fact that the board of aldermen passed the ordinance on that day did not prevent such property-owners from filing their protest against such improvement, and if they had filed such protest on or before the 3d day of May, any action of the board of aldermen would, under the terms of the statute, unquestionably have become *ipso facto* null and void. But the statute, not having in terms prohibited the city council from passing the ordinance until after the expiration of the ten days, its premature passage on the third day of May was in the nature of an interlocutory order which became final on the failure of the property-owners to file their protest within the ten days. It was irregular, but not such an irregularity as essentially affected the proceedings, and consequently did not invalidate the same. [28 Cyc. 1007.]

In the case of Kansas Town Co. v. City of Argentine (Kan.), 47 Pac. 542, an ordinance was passed September 19, 1894, and published in the official paper September 20, 1894, providing for the macadamizing of Strong avenue from the east side of Fourth street to the west side of Eleventh street, said ordinance purporting to be enacted pursuant to the previous resolution. It was contended by the plaintiff in error that all proceedings had under the ordinance were invalid for the reason that it was enacted by the city council on the twentieth day after the last publication of the resolution, when the statute expressly provided that the resident owners of property liable for taxation for the proposed improvements should have twenty days from the last publication within which to protest against the proposed improvements, and that the council had no

power to take any steps towards the doing of the work until the expiration of such time. The court say: "Even conceding that the action of the council was premature in this respect, we do not think it can have the effect claimed for it. The ordinance had no validity or legal force until after its publication in the official paper; and, as no protests of property-owners were presented, it is not unreasonable to say that the work was not authorized to be done by the ordinance until after the time within which protests could be filed. But, if this is not the case, still we think the premature passage of the ordinance would be a mere irrgularity in one of the steps required for the doing of the work, which is not a sufficient ground on which to base an objection to an assessment levied after the work has been completed. This step is not a jurisdictional one, and mere irregularities in the manner in which authorized work is done do not have the effect contended for." See also Brown v. Central Bermudez Co. (Ind.), 69 N. E. 150.

While in the cases cited, the question was raised after the improvement was made, such fact would in no wise change the rule of interpretation of the law. When the attack upon the proceedings of a municipality is made and it is thereby sought to declare the proceedings of the board of aldermen intrusted with the welfare of the city null and void, it should appear upon the face of the proceedings as such a tribunal that a statutory requirement, plainly jurisdictional, has not been complied with; and irregularities would not constitute a basis for such collateral attack.

IV. The evidence in this case is uncontradicted that along the sides of Pine street, shade and ornamental trees have been planted which the owners have carefully cultivated and cared for many years until the same have grown to have trunks eighteen inches in diameter, with beautiful spreading crowns, and that they

afford shade and comfort to their owners and to pedestrians traveling along such street; that they add materially to the beauty of the street and are conducive to the health and well-being of its citizens. It appears that the proposed improvement can be made in such a way as to afford ample space and room for all traffic and travel on said street without the necessity of injuring or destroying such trees. The petition alleged that the board of aldermen, by the proposed improvement, were about to remove the trees for the purpose of paving the street and that such an act would be an invasion of private rights and an arbitrary exercise of the power of the board of aldermen.

Among the many rights of the abutting property-owner, it is his generally recognized right to plant and grow shade and ornamental trees along the sidewalk in front of his property, and this is a most valuable right. As a rule, shade and ornamental trees are very desirable in front of residence property; so much so, that most of the cities of the State encourage the property-owners to plant and grow such trees in front of their property and pass laws protecting the trees from injury and prescribe penalties to those who injure them. [Cartwright v. Telephone Co., 205 Mo. loc. cit. 133, 103 S. W. 982.]

In this case, the enforcement of the paving ordinance so as to injure and destroy these shade and ornamental trees would result in an arbitrary and unnecessary destruction of private property. Courts will declare an ordinance unreasonable upon a showing of facts which makes it unreasonable. [St. Louis v. Theatre Co., 202 Mo. 690, 100 S. W. 627; City of Carthage v. Block, 139 Mo. App. 386, 123 S. W. 483; City of Salem ex rel. v. Young, 125 S. W. 857.]

The judgment in this case is accordingly reversed and the cause remanded with directions to the circuit court that the appellants and the city of Rolla in the construction of the brick paving of Pine street in said

city from the center of Sixth street to the center of Tenth street, under ordinance No. 112, approved May 3, 1909, be restrained and enjoined from injuring or destroying the shade and ornamental trees along such street within the area of the proposed improvement, and that in all other respects, the injunction be dissolved, and that the respondents have and recover their costs in this case. All concur.