## F. J. CUSHING, Appellant, v. W. A. PETRIE et al, Respondents.

### Kansas City Court of Appeals, May 4, 1914.

1. **TAX BILLS: Paving: Choice of Material: Continuance.** Where the charter of a city of the second class empowered a board of public works to formulate and propose to the city council an ordinance for paving a street, the charter requiring the proposal to be continued by the board for fifteen days before transmitting to the council in which time the majority of the property owners might make choice of the material for paving and which choice should be put into the ordinance, the board, had no power to propose such ordinance, nor the council to pass it until the full fifteen days had expired. And where the board did propose an ordinance without allowing that time for choice of material, a tax bill issued for such paving is void.

2. **TAX BILLS: Board of Public Works: Ordinance.** Where a majority of property owners on a street petitioned for paving it, naming the material; and where the charter of the city provided that the board of public works should hear objections to the petition and if overruled, continue the matter for 15 days so that a majority of the property owners might select the material for the paving; it was held, that refiling the original petition by the board without direction from the petitioners and then, before the expiration of the 15 days of continuance, proposing a paving ordinance to the city council was unauthorized and tax bills issued for such paving were void.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H. Mayer*, Judge.

AFFIRMED.

*Spencer & Landis* for appellant.

*W. A. Petrie pro se* and *John S. Boyer* for respondents.

ELLISON, P. J.—Plaintiff's action is to enforce the lien of a special tax bill issued by the city of St. Joseph, a city of the second class. The judgment in the trial court was against the validity of the bill.

The bill was issued for street paving as authorized by the laws of 1903, page 60. It is provided in section 6, of that act that the board of public works of its own motion, or on petition of "a majority in front feet of the resident real estate property owners", may propose an ordinance for the paving and shall advertise for five days in the official paper notice to all persons interested, of the time and place when and where the board will hear objections to the proposed ordinance. "And if the board shall overrule such objections, then the matter shall be continued for fifteen days, and within that time the owners of a majority of front feet, . . . shall have the right to select, in writing, any material they desire to be used in making said improvement, and such selection shall be embraced in the ordinance. . . ."

It seems that a majority in front feet of property owners filed with the board on the 19th of December, 1907 a petition for the paving and, though not required by the statute, named the material they desired. It appears that no action was taken on this, but that on the following 28th of May, 1908 the board of its own motion, ordered a proposed ordinance, with plans and specifications for the paving, and directed that five days published notice for objections be given, and this was done. Then, on the 4th of June thereafter, the board met and overruled the objections made and continued the matter for fifteen days for the selection of the paving material by the property owners as re-

quired by the statute. Then, on the same day (June 4th) the board received from some one (it not appearing who) the petition for the paving which had been presented in the first instance, in December, 1907, and on June 8th ordered it refiled. Thereupon, on the same day, (June 8th) the board made a finding that within fifteen days granted, within which property owners might select, in writing, the material with which said improvement should be made had been filed by a majority in front feet of the resident real estate owners. The trial court found that these defendants had no knowledge of the refiling the petition and that there was no evidence that any petitioner ever requested it to be refiled, and that there was no evidence of the selection of material by the property owners except as here stated.

From the foregoing it appears that after expiration of the five days notice to property owners to appear and make objections, the board overruled such objections and continued the matter for fifteen days as required by the statute in which "time the owners of a majority of front feet abutting on the highway, or public place sought to be improved and owned by residents of said city, shall have the right to select, in writing, any material they may desire . . . and such selection only shall be embraced in the ordinance". But instead of waiting for the expiration of the fifteen days time given to the property owners, the board on the very day of making the order of continuance, found that the selection of material had been made by the refiling of the petition as above stated. Passing by any question as to this refiling having been made by the board itself without request from the petitioners, the board evidently thought as the petitioners for the paving (though at a time not contemplated by law) had named the material six months before that constituted a selection of the material. The view of the board necessarily assumed

that the majority of property owners originally sign-ing a petition to have paving done was a fixed body and remained a majority afterwards when the time, designated by law, arrived in which to choose the ma·· terial for such paving; and thus have cut out a right to take part in the selection of material of all that body of property owners who did not sign the original petition.    It is manifest that those in the minority when the petition was signed have a right at the law-ful time, viz, within fifteen days after objections are overruled, to mingle with, and exchange views with, the signers as to the kind of material to be used. Opinions may be formed, changed or modified at this time.    To adopt the view of the board would be, in effect, to say, as a matter of law, that no one on the original petition in which he expresses a choice not then legally proper to make, could make a selection at the time the statute directs it shall be made.

We have examined the cases of Webb v. Strobach, 143 Mo. App. 459 and other cases cited by plaintiff and find them inapplicable on the facts and conclusions of law drawn therefrom.

But in addition to the foregoing views, we have the ruling of the Supreme Court in Sedalia v. Mont-gomery, 227 Mo. 1, 22, 29-31, that the board and the city council had no power to act since they violated the provisions of the statute necessary to confer jurisdic-tion.    No jurisdiction was conferred upon the board of public works to propose an ordinance to the council, nor upon the council to pass it until the property owners had had the statutory period in which to make a choice of the material.

The judgment is affirmed.    All concur.