Board of Levee Commissioners vs. Lorio Brothers.

No. 8192.

BOARD OF LEVEE COMMISSIONERS VS. LORIO BROS. SAME VS. LEONCE LORIO. CONSOLIDATED.

The "contribution" which the Board of Levee Commissioners is authorized by law to levy upon all lands protected by the levees, etc., is not a "tax, toll or impost," within the meaning of the Constitution. Affirming previous Decisions.

The question of the legality of such contributions will, therefore, not be considered by this Court in a case in which the amount involved is below its appellate jurisdiction.

A PPEAL from the Twenty-Third Judicial District Court, parish of Iberville. *Cole, J.*

---

### *Barrow & Pope* for Plaintiffs and Appellees:

A law authorizing contributions for the purpose of building local levees is not a law levying a tax, and a suit to recover the amount of such contribution, where same is less than $1000, is not appealable to the Supreme Court. 21 An. 51; Rooney vs. Brown, 20 An. 499; 11 An. 220, 370; 14 An. 498; 2 An. 330; 11 An. 324; 9 R. 333; 4 An. 2; 11 M. 324; 32 An. 818.

### *Alex. Hébert* for Defendants and Appellants:

Act No. 78, approved April 1st, 1876, and Act No. 46, approved April 3d, 1877, of the General Assembly of Louisiana, creating a Special Levee District, situated partly in the parishes of Iberville and Pointe Coupée, are unconstitutional.

First—Because the objects are not stated in their titles.

Second—Because the Legislature cannot enact laws by implication or mere reference.

Third—Because the tax imposed is not equal and uniform.

Fourth—Because receiving no benefits from said "Levee District," their property is taken for purposes of public utility without just or adequate compensation.

Fifth—The tax is void, also, because it was never authorized by a majority of the voters of the district, as required by Acts of 1872, p. 56.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. The above two cases were consolidated, tried and adjudicated together. The judgment appealed from is for the amount of $80 50 against each defendant.

The right of appeal rests on the claim that the case is one in which the constitutionality or legality of a tax, toll or impost is in contestation.

The motion to dismiss is based on the denial that any such question is involved.

The plaintiffs are a corporation, organized under Acts 78 of 1876, and 46 of 1877, vested with powers to construct and maintain levees for the protection, from inundation by the waters of the Mississippi river, of lands within a certain designated district, and, in the language of the act, "to levy a contribution upon all lands protected by said levee," etc.

The suits are brought for the collection of such assessments, and the question is, whether they are a " tax, toll or impost" within the meaning of the Constitution.

The question seems to be no longer an open one in our jurisprudence, it having been held in numerous decisions, that contributions of this character, provided for the purpose of constructing public works for the advantage of particular districts, and levied on property with reference to the supposed benefits derived by the property from the works, are not taxes, tolls or imposts, within the meaning of those words as used in the Constitution.

21 An. 51; 20 An. 499; 11 O. S. 324; 2 An. 330; 4 An. 1; 11 An. 220, 324, 370; 14 An. 498; 9 R. 333.

In Rooney vs. Brown, 21 An. 51, the precise question of jurisdiction here involved was presented, and the appeal was dismissed on the ground that suits for the collection of such contributions, though their legality or constitutionality were contested therein, were not cases involving the " constitutionality or legality of a tax, toll or impost."

Questions affecting the validity of acts of the co-ordinate legislative branch of the government should not be decided by courts unless clearly and necessarily within their jurisdiction.

The appeal is, therefore, dismissed at appellants' cost.