Application por a Writ op Mandamus.
The opinion of the court was rendered by
Nicholls, O. J.
Relators aver that they, each and severally, own large quantities of swamp land in the parish of St. Landry, situated within the limits and territory comprising the Red River, Atchafalaya and Bayou Bceuf Levee District, as defined and established by Act No. 79 of the General Assembly, approved July 5, 1890, That in the years 1892 and 1893, relators severally and each for himself or herself, filed in the District Court for St. Landry parish, suits before said court in which they declared and averred in substance as follows: That is to say (all of said suits having by consent been consolidated for trial and tried on appeal under such consolidation) . That their lands are by said act, approved July 5, 1890, within a district subject to a system of special taxation, which the board of commissioners of said levee district, are empowered by said act to levy, assess and collect upon all lands in said district benefited by the levee system. That assuming to act under and by virtue of the power and authority granted and conferred upon them by said act, said board of commissioners have caused and directed the assessor of the parish of St. Landry to list all aforesaid property as subject to the special taxation and local assessments provided for in Act No. 79 of 1890, and said property has been carried on the special assessment roll, listing and describing all property which is .alleged and claimed to be subject to the special taxation provided for in said act, and a copy of said assessment has by said assessor been filed in the office of the sheriff and ex-officio tax collector of St. Landry parish, and T. S. Fontenot, the sheriff, is now proceeding to the col *1294 lection of taxes levied and carried on said roll as provided for in Sec. 9 of the act aforesaid, and relator’s aforementioned property is assessed on said rolls filed in the sheriff’s office as follows: At the rate of five (5) cents per acre of said lands, and at the rate of five (5) mills upon the valuation of said lands as fixed by said assessor, and the said sheriff, ex-officio tax collector, unless enjoined will sell the same for cash to pay and satisfy the said alleged taxes or local assessment. Relators further declared in the alternative in said suits in substance as follows: That said Act No. 79, if it purports to authorize the levying and collection of the aforesaid taxes or assessments, is illegal and unconstitutional, because said lands are not protected, reclaimed from overflow or inundation, improved or benefited by the levees built or proposed to be built by said board. That they require no such protection and can derive no possible benefit from said levee, but, on the contrary, said levees will injure their aforesaid lands and in fact detract from their value, and that therefore said assessments are a taking of private property without compensation; that the special averment is made in the petition of John Hill and Mrs. Olementine Phelps, that said acreage tax is further illegal, because it is levied indiscriminately at the same rate upon the cultivated and settled lands on the front, as upon the swamp lands involved in these suits, the latter being worth not more than fifty cents per acre, while the former class of lands are worth not less than eight to ten dollars per acre, as will be seen by copies of the petitions in said suits annexed; that though said averment of nullity is not specially made in the other suits, yet by consent, all the testimony in the John Hill suit in support of that averment, was offered in all the other cases and is to be considered by the court; that relators further averred in the said suits, that the acreage and valuation taxes of five mills upon their aforesaid lands, amounted to, íd the case of each of the relators, a sum exceeding one hundred and under two thousand dollars.
That relator after making the said averments, which are substantially given as made in the said suits, sued out a writ of injunction restraining the assessor and tax collector from proceeding any further in the assessment of said lands or in the collection of taxes thereon until the further orders of the District Court of St. Landry parish, and they prayed for judgment in their favor, each for himself and herself, and against the sheriff and tax collector and said *1295 assessor, asking the perpetuation and maintenance of the injunction sued out in said suits, declaring said tax illegal and unconstitutional, and declaring the assessment of said acreage tax to be illegal, and for judgment further decreeing the property belonging to each of relators severally not to be subject to the aforesaid taxes or local assessments, and ordering the same to be stricken from the assessment rolls and tax rolls of the parish of St. Landry.
That though they use the word “ tax ” in their pleadings they do not wish to be understood as contravening by the use of that term the settled doctrine of the Supreme Court that an acreage tax for special levee purposes is not a “ tax proper,” but a local contribution, based upon supposed benefits conferred, and therefore not the subject of an appeal to the Supreme Court under Art. 81 of the Constitution of 1879.
Relators further aver that after the filing of the said suits in the District Court for St. Landry, the same were, after issue joined in said suits, duly assigned for trial, and tried pursuant to law, the Board of Levee Commissioners answering in each and every case by pleading the legality and constitutionality of the aforesaid tax or local assessment and the act of the Legislature authorizing said tax or assessment, ánd praying for a dissolution of the injunction sued out by relators respectively, and for a rejection of the demand of relators in said suits. Relators further declare that judgments in each of the aforesaid suits were duly rendered by the District Court of St. Landry, in each and every case, rejecting and disallowing the demands and prayers of the relators in said suits and dissolving the injunction taken out by them in said suits respectively. They aver that they each and severally, prosecuted suspensive appeals from the aforesaid judgments to the court of appeals of the third circuit of the State of Louisiana, sitting in and for the parish of St. Landry, and said appeals were duly filed in said court.
That on said cases coming up for a hearing in said Circuit Court of Appeals, sitting at Opelousas, the counsel for the Board of Commissioners in each and every one of the cases, filed a motion to dismiss the appeals taken as aforesaid, on the ground that said Court of Appeals was without jurisdiction rations materias, for the reason that the constitutionality and legality of the taxes are in contestation, and that therefore said appeal was not legally cognizable by said Court of Appeals. That after the hearing of the said motion to dismiss in *1296 each and every case, the said Court of Appeals sustained said motion to dismiss all and singular the appeals taken in said cases by relators respectively, as would appear by the judgments of dismissal annexed to relators’ petition. Relators, each for himself and herself, aver that in dismissing the appeals taken by relators as aforesaid, and in declining to pass upon the merits of said causes, the Court of Appeals has done an act amounting to a denial of justice to relators respectively, and they aver that the Court of Appeals, under the averments of their petitions and under the evidence, alone had jurisdiction of the cases.
They aver that they have no other mode of obtaining relief from the said illegal and unwarrantable action of the Court of Appeals except by application to this court for relief and redress in the premises, as of right. That they will be irreparably injured unless the Court of Appeals be ordered to reinstate said cases upon the docket of their court for trial, and ordered to proceed to try and finally determine the same according to law, and this relators, each for himself and herself, asks shall be done, and that a writ of mandamus issue to the judges of said court ordering them so to do.
The judges answer that they do not think, under the allegations of the original petition, that they have appellate jurisdiction, but under Art. 81 of the Constitution the Supreme Court has; that for these reasons the appeals were dismissed on motion of appellees’ counsel.
In sustaining the motion to dismiss the appeal in the case of John Hill vs. T. S. Eontenot, Sheriff and Tax Collector, the Court of Appeals said:
“The petition alleges that the sheriff and tax collector of St. Landry parish had seized and advertised certain lands therein described for levee taxes, assessed by the levee commissioners in the Red River, Atchafalaya and Bayou Bceuf Levee District. The taxes consisted of five mills tax proper and five cents acreage tax, amounting in the aggregate to two hundred and thirty-nine dollars and twenty-three cents. The petition alleges that said tax and local assessment of the acreage tax is in violation of Arts. 1, 2, 156, 203 and 218 of the Constitution of 1879.
“Article 81 of the Constitution confers jurisdiction on the Supreme Court in all cases where the constitutionality or legality of a tax shall be in contestation. We have carefully considered the brief of counsel and authorities referred to urging jurisdiction in the court, *1297 because the amount of the tax and illegality of the assessment are within the jurisdiction of this court. We are satisfied, however, that the constitutionality and legality of a tax are in contestation, whether it is called a tax or local assessment, and comes within the appellate jurisdiction of the Supreme Oourt.
“ The complaint that the valuation of the property is excessive must be made before the police jury as a board of reviewers as a condition precedent before an appeal can be taken thereon. 39 An. 206. For these reasons the court is without jurisdiction and the motion to dismiss the appeal should prevail, and it is so ordered at appellant’s costs.”
Appellants in these different cases, claiming that the action of the Oourt of Appeals in respect to its own jurisdiction was not well founded, have applied to this court for a writ of mandamus to compel the reinstatement of the cases on the docket of that court and a trial and determination by it of the issues involved.
By Art. 213 of the Constitution of 1879 it is declared, that “a levee system shall be maintained in the State and a tax not to exceed one mill may be levied annually on all the property subject to taxation and shall be applied exclusively to the maintenance and repairs of levees,” and by Art. 214 “that the General Assembly may divide the State into levee districts and provide for the appointment or election of levee commissioners in said districts, who shall, in the method and manner to be provided by law, have supervision of the erection, repairs and maintenance of the levees in said district; ’ to that effect it may levy a tax not to exceed five mills on the taxable property situated within the alluvion portions of said districts subject to overflow.”
The second of these articles is merely supplemental or ancillary to the first — the two looking to the creation of an effective levee system in the State.
By the first all property in the State subject to taxation may be charged, independently of any question of direct benefit to the owners of the property subjected to the charge from the levee system, with an annual tax not to exceed one mill, to be applied to the maintenance and repairs of levees generally in the State. By the second, all taxable property situated within the alluvion portions of levee districts, which the Legislature is authorized to create, subject to overflow, may be charged annually with a tax not to exceed five *1298 mills, to be applied to the erection, repair and maintenance of levees within the district, also without regard to the question as to whether the owners of the property charged with the tax are or are not benefited by the levees erected, repaired and maintained in the special levee district. In both cases all discussion as to the justice or propriety of the imposition of taxes in aid and furtherance of objects from which direct and immediate benefits shall not enure or be seen to enure to the parties charged, is cut off by the provisions of the Constitution itself, which silences all individual contentions on that subject, and withdraws from courts any consideration of arguments of that character.
In 1890 the General Assembly of the State, claiming to be legally and constitutionally authorized so to do, created by Act No. 79 of that year a “ levee district to be known and styled the Red River, Atchafalaya and Bayou Boeuf Levee District ” and provided for a board of levee commissioners for that district. The object and purpose of the creation of the district and of the powers and duties of the board, were those pointed out by Art. 214 of the Constitution just-referred to. In order to enable this board to carry out its special duties all taxable property in the alluvion portions of the district subject to overflow were declared subject to be charged with the tax provided for in Act 214 — that is to say, a tax not to exceed five mills; but over and beyond this amount the tenth section of the act enacted “ that for the purpose of raising additional funds for said district the said Board of Levee Commissioners shall have power, and it is hereby authorized, to levy an annual contribution or assessment upon all lands in said district subject to taxation for levee and drainage purposes not to exceed five cents per acre. Said contribution or assessment shall be assessed, collected and paid into the State treasury to the credit of the Red River, Atchafalaya and- Bayou Boeuf Levee District in the same manner and at the same time as other taxes herein provided for are assessed, collected and paid.”
The “Board of Levee Commissioners” provided for in this act, having been appointed by the Governor and organized, caused, it would appear from the pleadings in this case, to be listed by the assessor of the parish of St. Landry all the property deemed subject to taxation for levee and drainage purposes in the parts of the parish of St. Landry subject to overflow within the levee district, and levied a tax of five mills upon said property and an additional *1299 contribution assessment or tax of five cents per acre upon the same, among which was included certain property of the relators. The tax contribution or assessment not having been paid upon the same, they were advertised for sale by the tax collector of St. Landry in enforcement of the tax, but the sales of their respective properties •were enjoined by the present relators. It is not pretended that these lands are not within the territorial limits of the levee, nor that they are not within the alluvion portions of the district subject to overflow; in other words, it is not claimed that the lands do not fall under the literal terms of the law as lands subject to taxation for levee and drainage purposes. What is asserted is, that though falling inside the literal terms of the law, that none the less they are not subject to the charges for which they are now sought to be sold by the tax collector.
It is maintained by the plaintiffs in injunction that not only were the lands and the owners of the same not benefited by the levee system and the levees of the special levee district, but that they were actually injured thereby; that quoad those lands and the owners thereof, the charges imposed were not local assessments in consideration of benefits received, but so far as those lands and their owners were concerned were really taxes, and taxes illegally assessed, for the reasons and grounds assigned in their pleadings. The claim asserted in the injunctions was that under the guise of local assessments for special benefits received or to be received, the General Assembly, and the Board of Levee Commissioners under its authority, had imposed and was attempting to impose and enforce an illegal and unconstitutional tax, from which they sought, through the courts, to be relieved. We are ignorant of the reasons assigned by the District Court for dissolving the injunctions, as the judgments in the different cases are in the record. We are told, however, that the levee board maintained that the charges were not taxes, tolls or imposts, but local assessments for special benefits. When the parties appealed to the Court of Appeals, the Board of Levee Commissioners made a motion to dismiss on the ground of want of jurisdiction rations mat erics. The court sustained the motion for the grounds assigned in its judgment. Relators argue that the board having, in the District Court in defence of the merits, urged that the charges imposed were neither a tax nor an illegal tax, is estopped in the appellate court from urging there that they are taxes for the purposes *1300 of defeating the jurisdiction; but the test of jurisdiction is not the grounds which may be set up in defence to the claim set up in the petition, but the claim itself set up in the petition, and, besides this, if the Court of Appeals was in reality without jurisdiction ratione materias, it would be forced ex officio to notice its want of power to decide the issues raised. The dismissal would not rest upon the motion of the defendants, and no estoppel would apply to the court assuming, it would apply to the Board of Levee Commissioners.
We are of the opinion that the eases involve the issue of tax and illegal tax vel non, and that that is an issue which has to be passed upon and determined by this court and not the Court of Appeals.
The eighty-first article of the Constitution, dealing with the appellate jurisdiction of this court, extends it “to all cases in which the constitutionality or legality of any tax, impost or toll, whatever maybe the amount thereof,” and directs that “in such cases” the appeal on the law and the facts shall be directly from the court in which the case originated, to the Supreme Court.
We are of the opinion that the use of the words all cases, and of the words “any tax, impost or toll whatever” clearly indicates on the part of the framers of the Oonsticution an emphasized intention to give to the terms tax, toll and impost, the widest meaning to which they were susceptible, and to allow every citizen to have submitted to the test of legality and constitutionality by the highest court of the State, any charge upon his property imposed by the State or its subordinate political agencies, when claimed to be legally and constitutionally imposed by them in aid of governmental put-poses, whether extending over the whole State or over particular localities.
In the cases referred to in relators’ petition the charges imposed upon the respective properties, were unquestionably authorized and imposed by the General Assembly, and its subordinate agency, the Levee Board, in aid of the governmental public levee-system, authorized by the Constitution to be maintained by the State.
The fact that charges imposed by the State or its subordinate agency, may differ and vary from each as to the particular circumstances and conditions under which they may be imposed, and the extent or resulting effect of their imposition, does not prevent, for the purpose of the special question of the jurisdiction of courts in deal *1301 ing with them, their falling in an extended sense under the terms “tax, toll or impost.”
It is for this court, and it alone, finally to determine whether charges imposed upon the property of the citizen are or are not taxes, imposts or tolls, and, if so, whether they are legally and constitutionally imposed.
As eases arise under differing circumstances and under differing pleadings, we will determine whether the particular case falls within our exclusive appellate jurisdiction for decision or not. In the cases involved in this litigation we hold that we have such exclusive appellate jurisdiction. Counsel claim that there are decisions of this court which should lead us to a different conclusion; but the decisions relied on must, in these particular cases, yield to the conclusion reached by us, if, as contended by counsel, they would be in conflict with it.
We are not called on in this opinion to determine what the character of the charges referred to really are, whether they have been imposed inside of legal and constitutional powers, or whether they have been imposed in violation of legal and constitutional restrictions, limitations and prohibitions — those matters are to be determined hereafter; all that we are called upon to deal with here is the single question of appellate jurisdiction in respect to the issues raised by the litigation. On that point we are of the opinion that the Court of Appeals correctly dismissed the appeals for want of jurisdiction. The mandamus applied for must therefore be and it is hereby refused.