(78 South. 747)

No. 22480.

TOWN OF WINNFIELD v. COLLINS.

(May 27, 1918.)

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss Appeal.

1. COURTS ☞224(7)—SUPREME COURT—APPELLATE JURISDICTION—"TAX, TOLL OR IMPOST."

A suit in which the constitutionality or legality of a local assessment or forced contribution is contested, though the amount sued for is less than $2,000, is within the Supreme Court's jurisdiction, given by Const. art. 85, of all cases in which the constitutionality or legality of any "tax, toll or impost" is in contestation, regardless of the amount involved.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax.]

On the Merits.

2. MUNICIPAL CORPORATIONS ☞449(2) — STREET PAVEMENT — ORDINANCE LEVYING ASSESSMENT — AMOUNT — RIGHT TO COMPLAIN.

Where the clerk on the adoption of an ordinance accepting paving work and levying an assessment neglected to record the yea and nay vote in the minutes of the meeting, the omission and the subsequent correction of the record of adoption did not injure defendant, a person assessed, and the correction should have the same effect as the record of the yea and nay vote at the proper time would have had.

3. MUNICIPAL CORPORATIONS ☞449(2)—PAVING IMPROVEMENTS — ORDINANCE — ASSESSMENT — "AFTER THE CONTRACT HAS BEEN AWARDED."

Under Act No. 147 of 1902, § 2, providing that after the contract has been awarded the council shall provide by ordinance for an assessment of all the realty abutting a sidewalk, curbing, or portion thereof to be paved or improved, the assessment is not illegal because the ordinance levying it was not enacted before the council ordered the paving and curbing to be done; the term "after the contract has been awarded" meaning after ordering the work to be done, and the expression, "abutting the sidewalk, curbing or portion thereof to be paved or improved," being only descriptive or indicative of the property on which the assessment is to be levied.

4. MUNICIPAL CORPORATIONS ☞339(2)—PAVING IMPROVEMENT—ASSESSMENT—VALIDITY—"ONE YEAR FROM THE TIME THAT THE CONTRACT IS AWARDED."

An assessment for a paving and curbing improvement is not invalid because the ordinance calling for bids declared that the contract would be let for work to be completed within one year from the time the contract was awarded, where the contract date allowed the contractor one year from the date thereof in which to complete the work; the term "one year from the time that the contract is awarded" properly meaning, not one year from the time of accepting a bid, but one year from the date of the contract to be signed.

5. APPEAL AND ERROR ☞173(15)—REVIEW—OBJECTION BELOW.

A contention by defendant in a town's suit for the benefit of a paving contractor that the work was not completed within one year from the date of the contract cannot be considered, where it was not urged in defense to the suit.

6. MUNICIPAL CORPORATIONS ☞568(3) — COMPLETION OF IMPROVEMENT—TIME—EVIDENCE.

Such contention *held* not supported by the evidence.

Monroe, C. J., dissenting.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Suit by the Town of Winnfield against A. P. Collins. Verdict for plaintiff, judgment in rem, and defendant appeals. Motion to dis-

miss appeal overruled, and judgment affirmed.

Huey P. Long, of Winnfield, for appellant. Earl E. Kidd, of Winnfield, Stubbs, Theus, Grisham & Thompson, of Monroe, and R. W. Oglesby, of Winnfield, and Howe, Fenner, Spencer & Cocke, of New Orleans, for appellee.

## On Motion to Dismiss Appeal.

O'NIELL, J. This is a suit to enforce a local assessment for sidewalk paving and curbing.

After the rehearing was granted in this case, the appellee moved for a dismissal of the appeal, for want of jurisdiction of the matter in contest.

[1] The amount sued for is less than $2,-000; that is, below the lower limit of our jurisdiction in ordinary cases. The appeal was brought to this court, however, on the theory that a local assessment or forced contribution for street paving is a tax, within the meaning of the provision in article 85 of the Constitution that the jurisdiction of the Supreme Court shall extend to all cases in which the constitutionality or legality of any tax, toll, or impost whatever shall be in contestation.

The motion to dismiss the appeal is founded upon the decisions of this court in City of Lafayette v. Male Orphan Asylum, 4 La. Ann. 1, Rooney v. Brown, 21 La. Ann. 51, and Board of Levee Commissioners v. Lorio Bros., 33 La. Ann. 276, where it was held that a forced contribution or local assessment, such as the plaintiff is attempting to enforce in this case, was not a "tax, toll or impost," within the constitutional provision giving the Supreme Court jurisdiction of all suits contesting the constitutionality or legality of any tax, toll, or impost whatever.

The decisions relied upon by the learned counsel for appellee were approved a number of times, particularly in the following cases, viz.: Morgan's L. & T. R. & S. Co. v. Board of Health, 36 La. Ann. 669; Police Jury v. Mitchell, 37 La. Ann. 45; Charnock v. Levee District, 38 La. Ann. 325; Excelsior Planting & Mfg. Co. v. Green, 39 La. Ann. 460, 1 South. 873; Barber Asphalt Paving Co. v. Gogreve, 41 La. Ann. 251, 5 South. 848; Munson v. Board of Commissioners, 43 La. Ann. 22, 8 South. 906; and Minor v. Daspit, 43 La. Ann. 338, 9 South. 49. But, in State ex rel. Hill v. Judges of the Court of Appeals, 46 La. Ann. 1292, 16 South. 219, all of the foregoing decisions on the subject were, in effect, overruled. It was said by the then Chief Justice, delivering the opinion for the court, that the previous decisions to the contrary had to yield to the conclusion then reached; and, in a concurring opinion, it was said of the doctrine announced in Board of Levee Commissioners v. Lorio Bros., 33 La. Ann. 276, that it could not be followed.

The doctrine of State ex rel. Hill v. Judges, etc., has been adhered to consistently since that decision was rendered, as appears from the list of decisions quoted in the latest ruling on the question, in Town of Minden v. Stewart et al., 142 La. 468, 77 South. 118. The writer of this opinion dissented from the ruling in the case last mentioned, because of his opinion that it was not the constitutionality or legality of the tax itself, but the legality of the method of assessment, that was in contest. But there has been no departure from the doctrine, since the decision in State ex rel. Hill v. Judges, etc., that a suit in which the constitutionality or legality of a local assessment or forced contribution is contested, as in this case, is within our jurisdiction of cases in which the constitutionality or legality of any tax, toll, or impost whatever is in contestation, regardless of the amount involved. The motion to dismiss the appeal is therefore overruled.

On the Merits.

[2] There was error in holding, in the original opinion herein, that the ordinance authorizing the mayor to make the contract for the pavement and curbing was subject to the invalidity or infirmity that the yea and nay vote on the ordinance was not entered on the minutes of the meeting at which the ordinance was adopted. There was no such defect in that ordinance, or in the record of its adoption. It was the ordinance accepting the work and levying the assessment, on the adoption of which the clerk neglected to record the yea and nay vote in the minutes of the meeting at which it was adopted. The error, or omission, and subsequent correction, of the record of adoption of that ordinance did not injure the defendant or operate to his prejudice in any way; and we see no reason for holding that he should profit by the neglect of the clerk or secretary of the municipal council to perform his official duty, to record the yea and nay vote, at the proper time. The principle seems well established that, if the party complaining of such an omission on the part of the secretary or clerk of a municipal council is not worse off as a result of the error or omission and subsequent correction of the minutes, the correction should have the same effect as the recording of the yea and nay vote at the proper time would have had. See Dillon on Municipal Corporations (4th Ed.) vol. 1, par. 291; McQuillin on Municipal Corporations, vol. 11, pars. 525 to 628; City of Logansport v. Crockett, 64 Ind. 319; Boston Turn. Co. v. Pomfret, 20 Conn. 590; City of Pineville v. Burchfield (Ky.) 42 S. W. 340; White v. Town of Clarksville, 75 Ark. 340, 87 S. W. 630; Ryder's Estate v. City of Alton, 175 Ill. 94, 51 N. E. 821; Webb v. Strobach, 143 Mo. App. 459, 127 S. W. 680.

The decision in Town of De Ridder v. Head, 139 La. 840, 72 South. 374, relied upon by the defendant as authority for the proposition that a correction of the minutes of a municipal council meeting cannot have a retroactive effect, is not authority on the question one way nor the other. In that case there was no correction of the minutes, and therefore no question as to the date from which the correction would have taken effect if a correction had been made. The minutes did not show that the ordinance in question had been adopted by a yea and nay vote; hence there was no evidence that it had been so adopted, as required by section 33 of Act No. 136 of 1898.

[3] The defendant contends that the assessment is illegal because the ordinance levying it was not enacted before the municipal council ordered the paving and curbing to be done. The argument is founded upon an expression of opinion in the case of Town of Rayne v. Harrel, 119 La. 656, 44 South. 333, that the assessment is a condition precedent to the right to order the improvement. In that case, however, there was no question before the court as to whether the ordinance levying the assessment should precede or follow the ordinance ordering the paving and curbing to be done. It was admitted that the town council had not, at any time, adopted an ordinance levying an assessment of the cost of the paving and curbing. The only question before the court was whether the ordinance accepting the contractor's bid for the work was equivalent to a levying of an assessment to pay for the work. The court held it was not.

To hold that the assessment must precede the ordering of the work to be done would be contrary to the statute authorizing the assessment. Section 2 of Act No. 147 of 1902, p. 262, being the authority on which the municipality acted in this instance, declares that:

"After the contract has been awarded, the council shall provide by ordinance for an assessment of all the real estate abutting the sidewalk, curbing or portion thereof to be paved

or improved, provided that, in case no satisfactory bid is received, then, and in that event, the municipal authorities of said cities or towns shall have the power to pave, gravel, macadamize or otherwise improve the said sidewalks, curbing or portions thereof, under the direction and supervision of the proper officers, and the cost thereof shall be assessed against the owners of property abutting on the said sidewalks or portions thereof."

"After the contract has been awarded" means after—and cannot mean before—ordering the work to be done. It may be inferred from the expression that the assessment is to be levied on the property "abutting the sidewalk * * * to be paved" that the assessment might be levied before the work has been done. But it is not to be inferred that the assessment must be levied before the work is done. The expression, "abutting the sidewalk, curbing or portion thereof to be paved or improved," is only descriptive or indicative of the property on which the assessment is to be levied. There is no reason for holding that the assessment cannot be levied after the work contracted for has been completed, especially as the cost of the work, if done by the municipality, not under contract but under the direction and supervision of a municipal officer, would have to be assessed after the work has been done. It is true the cost of such work, under contract, might be known in advance, and therefore might—though there is no reason why it should—be assessed before the work has been done. Our conclusion is that the fact that the ordinance levying the assessment was enacted after the work was done is no reason why we should declare the ordinance invalid.

[4] The defendant contends that the assessment is invalid for the reason that the ordinance calling for bids declared that the contract would be let on the 21st of June, 1913, for the work to be completed within one year from the time the contract would be awarded; whereas the contract itself, dated January 12, 1914, allowed the con-

tractor one year from the date thereof in which to complete the work. The municipal council evidently construed the expression in the ordinance, "one year from the time that the contract is awarded," to mean, not one year from the time of the acceptance of a bid, but one year from the date of the contract to be signed. The only allegation in that respect in the answer is an alternative allegation that if there was a valid contract, which was denied, it provided for the work to be completed within one year from the date of the contract, and that a subsequent contract, entered into by the municipality, could not be valid if different from the original contract. Our interpretation of that allegation is that the defendant considered the acceptance of a bid the making of a contract, and considered the subsequent signing of the contract the making of a new and different contract. We do not consider the contention well founded. If the acceptance of the bid is to be regarded as entering into a contract, the written instrument, signed on a subsequent date, merely represented the same contract, embodying the terms, conditions, and stipulations thereof.

[5, 6] It is contended, in the defendant's brief, that the work was not completed within one year from the date of the contract. Pretermitting the question whether a delay in completing the work would invalidate the assessment, we do not consider the contention well founded: First, because it was not urged as a defense to this suit; and, second, because the evidence does not support the contention. It is true, two of the witnesses in the case gave answers indicating that the work was not completed within the time specified; but another witness testified that the work was completed some time about June, 1914. As the time of completion of the work was not an issue in the case, the plaintiff made no attempt to fix the date of completion; and it cannot be said that

the allegations of the answer were amplified by the very doubtful evidence on that subject.

Our conclusion is that the assessment levied against the defendant's property is valid, and that the judgment enforcing it is therefore correct.

The decree heretofore rendered by this court being set aside and annulled, the judgment appealed from is now affirmed at the cost of the defendant appellant.

PROVOSTY, J., takes no part, not having heard the argument. MONROE, C. J., dissents.