79 So.2d 316

**Frank R. McLAVY et al.**

v.

**AMERICAN LEGION HOUSING CORPORATION et al.**

No. 40082.

Feb. 14, 1955.

Rehearing Denied March 21, 1955.

Weber & Weber, Emile M. Weber, Baton Rouge, for appellants.

Breazeale, Sachse & Wilson, Benton & Moseley, Kizer, Heaton, Craig & Cangelosi, Baton Rouge, for appellees.

MOISE, Justice.

In a suit brought under the Declaratory Judgment Act, Act 431 of 1948, Act 22 of the Extra Session of 1948, LSA—Revised Statutes 13:4231 et seq., the Judge of the Nineteenth Judicial District Court for the Parish of East Baton Rouge rendered a judgment in favor of the defendants and against the plaintiffs, which—

(a) Sustained the pleas of prescription filed by the Sewerage District No. 8;

(b) Sustained the exceptions of misjoinder of parties plaintiff filed by the National Home Mortgage Company, Inc., Crawford Corporation, American Legion Housing Corporation, Kansas City Title Insurance Company, and American Homes, Inc.; and

(c) Sustained the exceptions of no right or cause of action and the plea to the jurisdiction of the court filed on behalf of all said defendants;

and, accordingly, dismissed plaintiffs' suit at their cost.

From that judgment the plaintiffs prosecute this devolutive appeal.

The American Legion Housing Corporation was formed by Nicholson Post No. 38,

American Legion, Baton Rouge, Louisiana, to assist Veterans of World War II obtain housing. The Post owned all of the stock, acquired land from the government, made contracts for its improvement, and sold the houses to veterans at alleged cost plus a small overhead. The project was known as "Legion Village."

Plaintiffs, purchasers of homes in "Legion Village", allege that at the time they entered into contracts for the purchase of their homes, they were under the impression that everything was paid for "Right up to the keys of the front door." They declare that it was their understanding that all they would have to pay would be their monthly payments for the price of their homes. Their purchases were made during the latter part of 1947 and early 1948, and in December, 1948 they received notice from the City National Bank of Baton Rouge, Louisiana, that there was due an annual sewerage charge of $40, payable quarterly, assessed to retire a thirty year bond issue. Plaintiffs, 121 Veterans, deny that they owe anything for sewerage service. They contend that if any charges are due for the sewerage system, the charges should be paid by their vendor and contractor.

The plaintiffs' prayer is for a declaratory judgment in their favor, relieving them of responsibility for the sewerage charge. In the alternative, they pray that there be judgment in their favor and against Sewerage District No. 8 of the Parish of East Baton Rouge, Louisiana, declaring that the

sewerage charges levied upon petitioners is nothing more than an ordinary tax, and, therefore, subject to be included under the homestead exemption granted to plaintiffs by the Legislature of the State of Louisiana. In the alternative, plaintiffs ask that the Sewerage District be permanently enjoined from levying or collecting, by itself or its agents, any charges whatsoever for the purpose of retiring the revenue bonds issued for the construction of the Sewerage District No. 8. In the alternative, they further set forth " * * * that Act 218 of 1946 [LSA–R.S. 33:4161 et seq.] be declared unconstitutional, and that there be rendered a declaratory judgment against the Kansas City Title Insurance Company of Missouri, a monied judgment in the sum of $1,200.00 to each petitioner. * * * and for all cost of suit."

It is a self evident fact, in view of petitioners' prayer, that the Declaratory Judgment Act of 1948 could not possibly apply.

The following are made parties defendant:

1. The American Legion Housing Corporation, the vendor;

2. Crawford Corporation, the contractor;

3. National Home Mortgage Company, Inc., the mortgage company who handled all the mortgages for the houses sold;

4. Kansas City Title Insurance Company, who insured the validity of the mortgages taken by National Home

Mortgage Company, Inc., on the houses; and

5. American Homes, Inc., contractor for 33 additional homes other than those built by the American Legion.

The defendants filed the following exceptions:

*Crawford Corporation:*

1. Exception of misjoinder of parties defendant;

2. Exception of misjoinder of parties plaintiff;

3. Exception of wrongful cumulation of actions; and

4. Exception of no cause of action.

*National Home Mortgage Company, Inc.:*

1. Exception of misjoinder of parties defendant;

2. Exception of misjoinder of parties plaintiff;

3. Exception of wrongful cumulation of actions; and

4. Exception of no cause of action.

*Sewerage District No. 8 of the Parish of East Baton Rouge:*

1. A plea of lack of jurisdiction of the court ratione materiae to allow any contest as to the legality and validity of said bonds because it was made long past the delay permitted by Article 14, Section 14n of the State Constitution [LSA], Section 10 of Act 218 of 1946 [LSA–R.S. 33:4260] and Section 43 of Act 46 of 1921 [LSA–R.S. 39:-518];

2. An exception of no cause or right of action; and

3. A plea of prescription of thirty and sixty days.

*Kansas City Title Insurance Company:*

1. Exception of no cause or right of action;

2. Exception for failure to fully state the names and places of residence of the plaintiffs;

3. Oyer of its policies;

4. Misjoinder of parties plaintiff;

5. Misjoinder of parties defendant; and

6. Wrongful cumulation of actions.

*American Legion Housing Corporation:*

1. Exception of nonjoinder of parties plaintiff;

2. Exception of nonjoinder of parties defendant;

3. Exception of misjoinder of parties plaintiff; and

4. Exception of misjoinder of parties defendant;

5. Want of capacity in that the suit purports to be a class action, a form of action unknown to the laws of Louisiana;

6. Improper cumulation of actions;

7. Prematurity;

8. Vagueness, particularly as to relief sought;

9. No cause or right of action; and

10. Prescription of thirty and sixty days.

*American Homes:*

1. Exception of misjoinder of parties defendant;

2. Exception of misjoinder of parties plaintiff;

3. Exception of wrongful cumulation of actions; and

4. Exception of no cause of action.

At the time the American Legion Housing Corporation purchased the property, on which plaintiffs' homes were constructed, there was a sewerage system which had been installed by the Defense Plant Corporation. In the year 1947 this system was sold to Sewerage District No. 8 of Baton Rouge, Louisiana. The District incorporated that system for the benefit of the entire Eighth District.

On June 24, 1947 and November 4, 1947, elections were held to determine whether bonds should be issued for the payment of the sewerage system. The vote authorized the bonds to be issued, and the election results were promulgated. The Police Jury for the Parish of East Baton Rouge then authorized the issuance of bonds, under the authority of Act 218 of 1946, LSA–R.S. 33:-4161 et seq. A contract of acceptance of the sewerage system was recorded on December 4, 1947. The bonds, which were issued and sold to take care of the cost of the system, provided for an annual $40 service charge to be imposed on the occupants of the houses using the system, and the City National Bank of Baton Rouge, Louisi-

ana, was named as the collecting agency. Plaintiffs are occupants of homes embraced in the system.

On consideration of the exceptions herein filed, the trial judge made the following observation:

"I have concluded to consider first the exception of *no right or cause of action* filed by Sewerage District No. 8. If no right of action exists in favor of plaintiffs against the Sewerage District it is difficult to see how action can exist against the other defendants for the simple reason that if they are estopped or foreclosed to attack the validity of the service charges and the court is without jurisdiction to entertain such an attack they could not be awarded judgment against any of the defendants in an action of this kind."

At the time of the election and at the time the bonds were issued, the American Legion Housing Corporation was the owner of the land on which plaintiffs' homes were constructed. It made no attempt to contest the validity of the election or of the bonds. The service charge was a provision of the bond issue, and the American Legion Housing Corporation acquiesced in it.

Section 10 of Act 218 of 1946 prescribed:

"That for a period of 60 days from the date of the promulgation of the result of any election held hereunder, any person in interest shall have the right to contest the legality of such election for any cause, after which time no one shall have any cause of action to contest the regularity, formality or legality of said election for any cause whatever, and it shall be conclusively presumed that every legal requirement has been complied with and no court shall have authority to inquire into such matters after the lapse of such 60 days. The resolution authorizing the issuance of bonds hereunder shall be once published in a newspaper published in the municipal corporation, or if no newspaper is published therein, then in a newspaper published in the parish in which the municipal corporation is located, or if no newspaper is published in such parish then in a newspaper published in an adjoining parish. *For a period of thirty days from the date of such publication any person in interest shall have the right to contest the legality of said resolution and of the bonds to be issued pursuant thereto and the provisions securing the bonds.* After the expiration of said thirty days no one shall have any right of action to contest the validity of said bonds or the provisions of the resolution pursuant to which the bonds were issued, and all such bonds shall be conclusively presumed to be legal, and no court shall thereafter have authority to inquire into such matters." LSA–R.S. 33:4260.

█ The right to attack the validity of the bond issue and the accompanying sewer-

age charge has long been foreclosed. Article XIV, Section 14(n), LSA—Constitution of 1921; Act 46 of the Extra Session of 1921, Section 43, LSA–R.S. 39:518; and Section 10 of Act 218 of 1946, LSA–R.S. 33:4260, supra.

Under numerous decisions of this Court, we have held that the validity of an election and the bond issue authorized is conclusively presumed after the sixty day period has expired. An attack by the plaintiffs on the constitutionality of the bond issue herein cannot be entertained.

Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280; Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690; Chiara v. Lafourche-Terrebonne Drainage District, 159 La. 422, 105 So. 418; Gravity Drainage District No. 2, Tangipahoa Parish v. Caldwell & Co., 171 La. 58, 129 So. 668; Roy v. City of Lafayette, 168 La. 1081, 123 So. 720; Nanney v. Town of Leesville, 198 La. 773, 4 So.2d 825; Browning v. Webster Parish School Board, 212 La. 139, 31 So.2d 621; Harrel v. Winn Parish School Board, 214 La. 1095, 39 So.2d 743.

Plaintiffs urge that Section 11 of Act 218 of 1946 should have been followed to avoid the present situation. It reads:

"Where the revenues pledged to the payment of bonds under this act are revenues of a utility comprised of sewerage facilities, or garbage facilities, the governing authority of the municipal corporation may, if it shall so determine, impose against the owners of all real property, in the municipal corporation a service charge for the facilities afforded by the utility, which charge shall not be a lien upon the property. The charge to be so made shall be in such amounts as the governing body shall determine in each year and shall be sufficient to provide for the cost of operating and maintaining the utility and to pay interest on and principal of the bonds secured by the revenues of the utility. No such charge shall be made against the owner of any property which is not benefited by the utility. *A list of the names of all owners against whom charges are so made and the amounts of the charge made against each such owner shall be certified by the governing authority to the official charged with the assessment of taxes against such property at such time and in such manner in each year as to permit the amount of such charge to be carried upon the assessment roll of the real property in the municipal corporation.* Each such charge shall be carried on said roll as a special item due by the owner of the property individually and shall be identified on the roll as 'Special Sewerage Charge of ——— (inserting the name of the municipal corporation)'. Such charges shall be paid to the official who collects the general taxes assessed against the real property located in the municipal corporation, and shall be paid at the

same time and in the same manner as such general taxes are paid. Where the ownership of any such real property shall change, the municipal corporation may require any subsequent owner seeking sewerage service to apply therefor by proper application, whereupon the charges to be so imposed against such owner shall be assessed and collected in the manner hereinabove provided. The municipal corporation may pay the tax collecting official the same commission on the amounts collected by him as he receives for the collection of ad valorem taxes, and may pay the assessing official a sum sufficient to reimburse him for the additional expenses occasioned by reason of listing the charges on the assessment roll. The amounts to be so paid to the assessor and collector shall be considered one of the costs of operating and maintaining the utility." LSA–R.S. 33:4261. (Italics ours.)

█ It is true that the Police Jury did not comply with the above provision when it permitted the City National Bank of Baton Rouge, Louisiana, to be appointed the collecting agency, but at the time the bonds were issued, no complaint was made by the American Legion Housing Corporation with respect to non-conformance with the above quoted Section 11 of Act 218 of 1946. The method of collecting the service charge was merely a provision of the bonds, and the right to oppose the method set up as convenient to the Police Jury and Sewerage District No. 8 is now prescribed by Section 10 of Act 218 of 1946. The charge does not constitute a lien on the property on which it is assessed, and, therefore, very little hardship is imposed on plaintiffs.

Therefore, the exception of no cause or right of action, the plea of prescription of thirty and sixty days, and the plea to the lack of jurisdiction of the court ratione materiae filed by Sewerage District No. 8 of the Parish of East Baton Rouge are sustained. See, Article 14, Section 14(n), Louisiana Constitution of 1921.

In support of the exceptions of misjoinder of parties plaintiff and defendant and of wrongful accumulation of actions, we are presented with the testimony of Mr. Gremillion. He declared that he was a practicing attorney of the Baton Rouge Bar and past Commander of Nicholson Post from July 1946 to July 1947, during which time American Legion Housing Corporation was formed by Nicholson Post No. 38 of the American Legion. He testified to the facts set forth above and stated that the American Legion Housing Corporation had no ownership interest whatsoever in Crawford Corporation, C. & W. Construction Corporation, American Homes, Inc., and National Home Mortgage Company, Inc.

Mr. Gremillion's statement of fact is persuasive of the correctness of maintaining the exceptions of misjoinder of parties plaintiff and defendant and the wrongful cumulation of demands.

■ As an alternative prayer, plaintiffs ask that there be a money judgment against Kansas City Title Insurance Company for the amount each plaintiff will have to pay as a service charge over the period of thirty years. This prayer evidently stems from a belief that the insurance company is liable for the alleged misrepresentations of plaintiffs' vendors and builders. These matters would concern fraud, and we are presented with no evidence of fraud. Plaintiffs have submitted no contracts of sale or promotional brochures. Plaintiffs' attorneys have merely made statements of plaintiffs' beliefs. Under such circumstances, plaintiffs have no cause or right of action against Crawford Corporation, National Home Mortgage Company, Inc., Kansas City Title Insurance Company, American Legion Housing Corporation, and American Homes.

■ This type of action, as above mentioned, has no connection with the prayer against the Sewerage District No. 8. Therefore, there has been a misjoinder of parties defendant and an improper cumulation of actions. Watson v. Bethany, 209 La. 989, 26 So.2d 12; State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708.

■ An alternative prayer is made to the effect that if plaintiffs are liable for an assessment such as the instant sewerage charge that the same should be assessed in the form of taxes against the realty and consequently exempted under the home-

stead laws of the State. The schedule rates adopted by the Police Jury show that the charges were made on the basis of the service to be rendered and the benefits to be received by the property owners. It is in no sense related to the value of the property. The charge is a special item due by the owner of the property and does not operate as a lien. It is merely a personal obligation. Therefore, it is manifest that such a sewerage charge could not be subject to the homestead exemption.

The charges assessed for constructing public works for the advantage of particular districts and the building of levees on property benefited thereby are not considered taxes within the meaning of constitutional restrictions of the taxing power. Board of Levee Commissioners v. Lorio Brothers, 33 La.Ann. 276; Town of Winnfield v. Collins, 143 La. 493, 78 So. 747. Therefore, since the charge herein cannot be defined as a tax, petitioners are clearly without a right or cause of action to have the charge declared to be within the purview of the homestead exemption statute. Article X, Section 4, Paragraph 9, LSA–Constitution of 1921.

The trial judge, in his reasons for judgment, stated thus:

"I am of the opinion that the exceptions of no right or cause of action filed by Sewerage District No. 8 are well founded and the same will be sustained, and for the same reasons I am

of the opinion that the exception to the jurisdiction of the. Court and the plea of prescription filed by the Sewerage District should be and they are hereby sustained.

"Having reached the conclusion that the Court is without jurisdiction to determine the regularity and legality of the service charges, it is impossible to render any judgment affecting any of the other defendants because plaintiffs' alleged cause of action centered around and is grounded upon the contention that they should not be required to pay said service charges. If, under the very terms of the Act the Court itself is foreclosed from rendering any decision regarding the legality of. these charges, it is likewise without authority to pass upon the rights of the plaintiffs against the other defendants and the rights of the other defendants as among themselves.

"The Court will however state that after having carefully considered the exceptions of misjoinder of parties plaintiff and defendants filed by the National Home Mortgage Company, Inc., Crawford Corporation, American Legion Housing Corporation, and American Homes, Inc., I have reached the conclusion that all of these exceptions are well founded and that the same should be and they are sustained.

"In conclusion, I am of the opinion that the declaratory judgment act of

1948 could not possibly apply in view of the prayer of the petition herein filed."

We feel that the above statement of the trial judge is correct.

For the reasons assigned, the judgment of the district court is affirmed. All costs to be paid by plaintiffs.